UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED SIGNAL TECHNOLOGY INC.,<br><br>       Plaintiff(s),<br><br>  v.<br><br>EMERGING MARKETS COMMUNICATIONS, et al.,<br><br>       Defendant(s). | No.  C09-2180 SBA (BZ)<br><br>**SETTLEMENT CONFERENCE ORDER - PATENT CASE - EMC** |

    The above matter was referred to me for settlement purposes.

    On December 8, 2009, I conducted a telephonic hearing at which both sides were represented by counsel.  With the consent of the parties and good cause appearing, **IT IS HEREBY ORDERED** that no later than **January 29, 2010, William Van Vleet**, President and CEO, and **James Doyle**, CFO, of plaintiff Applied Signal Technology; and **Norman Larson**, head of EMC Satcom and **Brian Fifer**, COO of EMC shall meet in person, preferably outside the presence of counsel, to discuss a resolution of

1 this dispute.  The Court invites Comtech to attend.  They shall
2 meet in **Dallas, Texas** or in any other place to which they all
3 agree.  The principals are urged to explore a creative,
4 business resolution of their dispute.  If the case settles, the
5 parties are to notify the Court immediately.
6     Each party shall provide the other informally,
7 expeditiously and pursuant to Federal Rule of Evidence 408 with
8 all information reasonably needed to further the progress of
9 the settlement negotiations.  Confidential information may be
10 provided subject to a protective order.
11     If there is no settlement, it is **ORDERED** that a telephonic
12 conference is scheduled for **February 8, 2010 at 3:00 p.m.**, to
13 discuss the status of the negotiations.  Counsel shall contact
14 **CourtCall**, telephonic court appearances at **1-888-882-6878**, and
15 make arrangements for the telephonic conference call.  The
16 principals need not participate.
17     It is further **ORDERED** that a Settlement Conference is
18 scheduled for **Thursday, March 25, 2010 at 9:00 a.m.**, in
19 Courtroom G, 15th Floor, Federal Building, 450 Golden Gate
20 Avenue, San Francisco, California 94102. Counsel who will try
21 the case shall appear at the Settlement Conference with the
22 party principals who met earlier.  An insured party shall
23 appear with a representative of the carrier with full authority
24 to negotiate up to the limits of coverage.  The Court shall be
25 notified immediately if the carrier declines to attend.  The
26 negotiations will be principally among the party principals in
27 my presence.
28     Each party shall prepare a Settlement Conference

2

Statement, which must be served on opposing counsel and lodged (not faxed) with my chambers no later than seven calendar days prior to the conference.  The Statement shall **not** be filed with the Clerk of the Court.  The Statement **may** be submitted on CD-ROM with hypertext links to exhibits.  Otherwise, the portion of exhibits on which the party relies **shall** be highlighted.  The Settlement Conference Statement shall not exceed ten pages of text and twenty pages of exhibits and shall include the following:

    1.    A brief statement of the facts of the case.

    2.    A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon which the claims are founded.

    3.    A summary of any related litigation.

    4.    A summary of the proceedings to date and any pending motions.

    5.    An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    6.    The relief sought, including an itemization of damages.

    7.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions.  The Court's time can best be used to assist the parties in completing their negotiations, not in starting them.  So there is no confusion about the parties' settlement position, plaintiff must serve a demand in writing no later than fourteen days before the conference and defendant must respond in writing no later than eight days before the

conference.  The parties are urged to carefully evaluate their case before taking a settlement position since extreme positions hinder the settlement process.

Along with the Statement each party shall lodge with the court a document of no more than three pages containing a **candid** evaluation of the parties' likelihood of prevailing on the claims and defenses, and any other information that party wishes not to share with opposing counsel.  The more candid the parties are, the more productive the conference will be.  This document shall not be served on opposing counsel.

It is not unusual for conferences to last three or more hours.  Parties are encouraged to participate and frankly discuss their case.  Statements they make during the conference will not be admissible at trial in the event the case does not settle.  The parties should be prepared to discuss such issues as:

1. Their settlement objectives.

2. Any impediments to settlement they perceive.

3. Whether they have enough information to discuss settlement.  If not, what additional information is needed.

4. The possibility of a creative resolution of the dispute.

The parties shall notify chambers immediately if this case settles prior to the date set for settlement conference. Counsel shall provide a copy of this order to each party who
///
///
///

4

will participate in the conference.

Dated: December 22, 2009

                                        Bernard Zimmerman
                                United States Magistrate Judge

g:\bzall\-refs\refs.09\applied signal technology\applied signal technology sc.wpd

5