United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10
11  APPLIED SIGNAL TECHNOLOGY, INC.,          No. C-09-02180 SBA (DMR)
12                                            **NOTICE AND ORDER VACATING AND
           Plaintiff,                         RESETTING HEARING DATE ON
13                                            DEFENDANTS' MOTION FOR ENTRY
       v.                                     OF PROTECTIVE ORDER, AND ORDER
14                                            RE DISCOVERY PROCEDURES**
    EMERGING MARKETS
15  COMMUNICATIONS, INC. ET AL,
16         Defendants.
                                          /
17
18
19
    TO ALL PARTIES AND COUNSEL OF RECORD:
20
         The above matter has been referred to Magistrate Judge Donna M. Ryu for all discovery
21
    purposes. Please be advised that the previously-noticed hearing date of January 11, 2011 for
22
    Defendants Viasat, Inc. and Paradise Datacom LLC's Motion for Entry of Protective Order (*see*
23
    Docket No. 178) filed before the District Court prior to this referral has been **VACATED**. You are
24
    hereby notified that the hearing on the Motion for Entry of Protective Order has been reset for
25
    **January 13, 2011 at 11:00 a.m.**, in Courtroom 4, 3rd Floor, U.S. District Court, 1301 Clay Street,
26
    Oakland, California 94612. The briefing schedule shall be as follows:
27
28

Any opposition to the Motion for Entry of Protective Order shall be filed by no later than **November 12, 2010.**

Any reply shall be filed by no later than **November 19, 2010.**

1. Parties shall comply with the procedures in this order, the Federal Rules of Civil Procedure, and the Northern District of California's Local Rules, General Orders, and General Standing Orders. Local rules, general orders, general standing orders, and a summary of the general orders' electronic filing requirements (including the procedures for emailing proposed orders to chambers) are available at http://www.cand.uscourts.gov (click "Rules" link on left side). The parties' failure to comply with any of the rules or orders may be a ground for sanctions.

## LAW AND MOTION PROCEDURES

2. Discovery motions are heard on the second and fourth Thursdays of the month at 11:00 a.m. Parties should notice motions pursuant to the local rules. Parties need not reserve a hearing date in advance, but should confirm the Court's availability on the on-line calendar at http://www.cand.uscourts.gov (click "Calendars" link on left side, click link to Judge Ryu's calendar, click link to "Scheduling Information and Unavailability"). Noticed hearing dates may be reset as the Court's calendar requires. For scheduling questions, please call Judge Ryu's courtroom deputy, Ivy Garcia at (510) 637-3639.

3. All filings of documents relating to motions referred to Magistrate Judge Ryu shall list the civil case number and the district court judge's initials followed by the designation "(DMR)."

4. Discovery motions may be addressed to the Court in three ways: (1) a motion may be noticed on not less than thirty five (35) days' notice pursuant to Civil L.R. 7-2; (2) any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief; and (3) in emergencies during discovery events (such as depositions), any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy. If the Court is unavailable, the discovery event shall proceed with objections noted for the record.

5. In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action. The meet and confer session(s) must be *in person or by telephone*. Meet and confer sessions may not be conducted by letter, e-mail or fax. A declaration briefly setting forth the meet and confer efforts, and the final positions of each party, shall be included in the moving papers. Parties are strongly discouraged from including "meet and confer" letters as exhibits to discovery motions. The Court will not consider discovery motions unless the moving party has complied with Fed.R.Civ.P. 37, Civil L.R. 37-1(a), and this order.

6. The Court has found that it is often efficient and beneficial for the parties if counsel appear *in person at discovery hearings*. This gives the Court the opportunity, where appropriate, to engage counsel in resolving aspects of the discovery dispute, while remaining available to rule on any disputes that counsel are not able to resolve. For this reason, the Court expects counsel to appear in person, unless they make a prior application showing good cause as to why the Court should permit a telephonic appearance. Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two weeks in advance of the hearing, if the Court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective discovery hearing. The facts establishing good cause must be set forth in the request.

7. Motions for sanctions shall be filed by separate motion in accordance with Fed.R.Civ.P. 37 and Civil L.R. 37-3.

## CHAMBERS COPIES AND PROPOSED ORDERS

8. Under Civil L.R. 5-1(b), parties must lodge an extra paper copy of any filing and mark it as a copy for "Chambers." Chambers copies shall be printed on three-hole punch paper (including all exhibits) and submitted to the Oakland Clerk's Office in an envelope clearly marked with the case number,"Magistrate Judge Donna M. Ryu," and "Chambers Copy." In a case subject to electronic filing, chambers copies must be submitted by the close of the next court day following the day the papers are filed electronically. Any proposed stipulation or proposed order in a case subject

to electronic filing shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing format attachment on the same day that the document is e-filed.  This address is to be used only for proposed orders unless otherwise directed by the Court.

9. Parties may not file documents or portions of documents under seal without first obtaining a written Court order.  Parties seeking to file documents or portions of documents under seal must fully comply with Civil L.R. 79-5.

## PRIVILEGE LOGS

10. If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall promptly prepare and provide a privilege log that is sufficiently detailed and informative to justify the privilege.  *See* Fed.R.Civ.P. 26(b)(5).  The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

    a. The title and description of the document, including number of pages or Bates-number range;

    b. The subject matter addressed in the document;

    c. The identity and position of its author(s);

    d. The identity and position of all addressees and recipients;

    e. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and

    f. The specific basis for the claim that the document is privileged or protected.

Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

IT IS SO ORDERED.

Dated: October 25, 2010

DONNA M. RYU
United States Magistrate Judge