UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED SIGNAL TECHNOLOGY, INC., | No. C-09-02180 SBA (DMR) |
| Plaintiff, | **ORDER DENYING REQUEST TO FILE SECOND JOINT DISCOVERY LETTER UNDER SEAL WITHOUT PREJUDICE** |
| v. | |
| EMERGING MARKETS COMMUNICATIONS, INC. ET AL, | |
| Defendants. | |
| _____/ | |

The court is in receipt of Plaintiff and Counter-Defendant Applied Signal Technology, Inc. and Third-Party Defendant Comtech EF Data's ("Plaintiffs") Motion for Administrative Relief for permission to file a joint discovery letter dated March 2, 2012 under seal in its entirety. [Docket No. 321.] On March 2, 2012, the court entered an Order denying a similar request by Defendants ViaSat, Inc. and Teledyne Paradise Datacom, LLC's for permission to file a joint discovery letter dated February 24, 2012 under seal in its entirety. [Docket No. 320.] The court denied Defendants' request on the grounds that the request to seal the documents in their entirety was overly broad, and that Defendants had failed to establish that the contents of the letter and its attachments are "privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Civ. L.R. 79-5(a) ("[a] sealing order may issue only upon a request that establishes that the

1  document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to
2  protection under the law . . . [t]he request must be narrowly tailored to seek sealing only of sealable
3  material.")  The court granted Defendants leave to re-file a new request to file the joint letter and its
4  attachments under seal that is "narrowly tailored to seek sealing only of sealable material" and
5  complies with the Local Rules.

6       The court has reviewed the documents Plaintiffs now seek to file under seal and, as with
7  Defendants' earlier request, finds that the request to seal the documents in their entirety is overly
8  broad.  The court's instruction in its March 2, 2012 Order was clear: any request to file any material
9  under seal must be "*narrowly tailored* to seek sealing only of sealable material."  N.D. Civ. L.R. 79-
10 5(a) (emphasis added).  Accordingly, Plaintiffs' Motion for Administrative Relief is DENIED
11 WITHOUT PREJUDICE.  Plaintiffs are granted leave to re-file a new request to file the joint letter
12 and its attachments under seal that complies with Civil Local Rule 79-5(c) by **no later than March**
13 **9, 2012.  All parties** are instructed that in filing new requests to file the joint letters and their
14 attachments under seal, they must redact the letters so that only properly sealable material is
15 redacted and support their redactions with a "declaration establishing that [the redacted portions] of
16 the document [are] sealable."  N.D. Civ. L.R. 79-5(c)(1).  Any future requests to file a document or
17 portion of a document under seal must comply with these instructions or will be denied with
18 prejudice.

20      IT IS SO ORDERED.

22 Dated:  March 7, 2012

                       _____
                       DONNA M. RYU
                       United States Magistrate Judge