United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED SIGNAL TECHNOLOGY, INC., | No. C-09-02180 SBA (DMR) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART REQUEST TO FILE CERTAIN DOCUMENTS UNDER SEAL [DOCKET NO. 324]** |
| v. | |
| EMERGING MARKETS COMMUNICATIONS, INC. ET AL, | |
| Defendants. | |

The court has reviewed the letters submitted by the parties in response to the court's March 12, 2012 Order requiring Defendants ViaSat, Inc., Teledyne Paradise Datacom, LLC and/or Plaintiff Applied Signal Technology ("AST") to explain why the privilege logs attached as Exhibit A to the parties' joint discovery letter dated February 24, 2012 should be filed under seal in its entirety. [Docket Nos. 333 ("AST's letter brief"), 334.]

The Ninth Circuit set forth applicable standards governing requests to seal in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). In general, court records may only be sealed for "compelling reasons." *Id*. at 1178. However, the court has "carved out an exception to the presumption of access to judicial records for a *sealed discovery document* [attached] to a *non-dispositive* motion, such that the usual presumption of the public's right to access is rebutted." *Id*. at 1179 (internal citation and quotation marks omitted) (emphasis in original). These

materials may be sealed upon a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1180; *see also* Fed. R. Civ. P. 26(c) (stating that if "good cause" is shown in discovery, a court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Here, the court finds that the joint discovery letter dated February 24, 2012 contains confidential and proprietary business information of AST's which is protectable as trade secrets, and accordingly should be filed in part under seal.  However, the parties have failed to establish that good cause exists to seal AST's and Comtech's privilege logs in their entirety.  AST asserts that the privilege logs disclose the "'who', 'what,' and 'when' of AST's and Comtech's consultations with attorneys on myriad legal issues, as well as internal communications regarding the same." (AST's letter brief 1.)  Yet the entries on the privilege logs contain only the most generic descriptions of unnamed, unspecified patents and other subject matter of the documents for which AST claims privilege (e.g., "Communication with Pav Athwal re License issue," "Communication with Kenneth Booth re patent issues," and "Communication with Rick Bryson re litigation").  The entries do not contain legal advice or opinions formed by Plaintiffs' counsel and therefore are not protectable.  Further, although Plaintiffs assert that the privilege logs reveal information such as "the fact, for example, that AST and Comtech were consulting attorneys regarding AST's and third-parties' IP related to the products in this suit" (AST's letter brief 1), they have failed to establish that this information is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." N.D. Civ. L.R. 79-5(a).  Accordingly, Defendants' motion for administrative relief [Docket No. 324] is GRANTED IN PART AND DENIED IN PART as follows: Defendants' request to file portions of the joint discovery letter dated February 24, 2012 under seal is GRANTED. Defendants' request to seal Exhibit A to the joint discovery letter is DENIED.

IT IS SO ORDERED.

Dated:  March 14, 2012

_____
DONNA M. RYU
United States Magistrate Judge

